

# The Attorney General of Texas

February 4, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Henry Wade
Criminal District Attorney
6th Floor, Records Building
Dallas, Texas 75202

Opinion No. MW-137

Re: Overtime policies for peace officers under article 5167a, V.T.C.S.

Dear Mr. Wade:

You ask for an interpretation of article 5167a, V.T.C.S., as amended by the recent legislature:

> Except in cases of emergency, as determined by the sheriff or constable of such county, it shall be unlawful for any county having more than five hundred thousand (500,000) inhabitants according to the last preceding Federal Census to require any Peace Officer to work more hours during any calendar week than the number of hours in the normal work week of the majority of the employees of said county other than Peace Officers. If a Peace Officer elects to work extra hours during any calendar week, the county shall compensate the officer for the overtime work on a basis consistent with the overtime provisions of the county personnel policy.

Acts 1979, 66th Leg., ch. 531, at 1115.

You first ask whether this statute is unconstitutional on the basis that the emergency provision is vague and indefinite. A vague statute violates due process only when the required course of conduct is stated in terms so vague that men of common intelligence must guess at what is required. Texas Liquor Control Board v. Attic Club, Inc., 457 S.W.2d 41 (Tex. 1970). Article 5167a, V.T.C.S., does not impose a criminal penalty. Thus, it is not subject to such an exacting standard for vagueness as a criminal statute would be. Barron v. Marusak, 359 S.W.2d 77 (Tex. Civ. App. — Austin 1962, no writ). The Court of Criminal Appeals considered a similar statute, which was attacked on the ground that the emergency provision was void for uncertainty. Bradford v. State, 180 S.W. 702 (Tex. Crim. App. 1915). It upheld the statute, stating that such exceptions and emergencies must

necessarily be phrased in general terms, and that it would be unreasonable if the legislature had to specify each emergency in order to enact a valid law. See also Attorney General Opinion O-6050 (1944).

You also suggest that the statute is uncertain because "peace officer" is not defined. In our opinion, "peace officer" within this statute covers only deputy sheriffs, deputy constables, and any other peace officers subject to the control of the sheriff or constable. The sheriff or constable is responsible for determining when an emergency exists that requires peace officers to work overtime. It is therefore reasonable to conclude that the statute covers only peace officers who take orders from the sheriff or constable and does not include all those peace officers listed in section 2.12 of the Code of Criminal Procedure as well as other statutes. See Attorney General Opinions H-1157 (1978); H-549 (1975).

You next ask whether a deputy sheriff or deputy constable may be required by the sheriff or constable to work more hours during a calendar week than the normal work week of the majority of the county's employees if an emergency has not been determined by the sheriff or constable. Article 2372h, V.T.C.S., provides in all counties having a population of 500,000 or more, the commissioners court has authority to establish the hours of work for employees including deputy sheriffs and deputy constables. Article 5167a, V.T.C.S., clearly states that the county may not require the peace officers to work longer than the stated time if no emergency has been determined. In our opinion, the sheriff and constable in these counties exercise only the county's power to require peace officers to work extra hours during an emergency. These officers do not have additional authority to require overtime work in the absence of an emergency.

You next ask whether a sheriff or constable may permit his deputies to work extra hours if no emergency exists. The emergency exception only applies in cases where peace officers are required to work overtime. Where a peace officer elects to work overtime, the constable or sheriff may permit him to do so, but he must be compensated for the overtime work on a basis consistent with county personnel policy.

You next ask whether the commissioners court may require peace officers to work overtime in an emergency or non-emergency situation. It is clear that peace officers cannot be required to work overtime in a non-emergency situation. You have called to our attention no statute which authorizes the commissioners court to direct the activities of deputy sheriffs and constables in an emergency situation. See generally Attorney General Opinion H-985 (1977) (powers and responsibilities of deputy sheriffs).

You next ask whether article 5167a, V.T.C.S., requires the payment of overtime to peace officers absent a county personnel policy which provides for the payment of overtime. If a peace officer elects to work extra hours during any calendar week, "the county shall compensate the officer for the overtime work on a basis consistent with the overtime provision of the county personnel policy." If the county personnel policy makes no provision for overtime pay, then the county need not pay overtime to peace officers who voluntarily work extra hours.

Your next two questions ask whether the county must pay overtime to peace officers if they are required to work extra hours in an emergency. In our opinion, the requirement that peace officers receive overtime compensation applies only where a peace officer elects to work extra hours pursuant to the last sentence of article 5167a, V.T.C.S. It does not apply when the peace officer is required to work overtime in an emergency.

You ask whether the county personnel policy could provide for compensatory time off to peace officers and other employees in lieu of the payment of overtime. If the overtime provisions of the county personnel policy provide for compensatory time for extra hours worked, we believe the county may use this method of compensating peace officers who elect to work extra hours. We note that a rider to the General Appropriations Act refers to time off as "compensation" for overtime work. Acts 1979, 66th Leg., art. V, § 2e. In our opinion, the use of the term "compensate" in article 5167a, V.T.C.S., was not intended to refer to monetary compensation alone.

You finally ask whether the following policy would be in conflict with article 5167a, V.T.C.S.: The county personnel policy prohibits all overtime work by peace officers and other employees, but provides that an elected official or department head may in unusual situations seek prior approval from the commissioners court to require employees to work more than forty hours a week. This policy would conflict with article 5167a, because it provides for required overtime work by peace officers under circumstances where an emergency has not been declared by the sheriff or constable.

## SUMMARY

Article 5167a, V.T.C.S., provides that peace officers subject to the direction of the sheriff or constable may not be required to work overtime except in cases of emergency determined by the sheriff or constable. The sheriff or constable may permit his deputies to work extra hours if no emergency exists, but they must be compensated on a basis consistent with county personnel policy. If the county personnel policy does not provide for overtime pay or provides compensatory time instead of money, then peace officers who elect to work overtime may be compensated according to it. Overtime pay need not be provided peace officers when they are required to work extra hours consistent with the provisions of article 5167a, V.T.C.S.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jim Allison
David B. Brooks
Bob Gammage
Susan Garrison
Rick Gilpin
Sue Lowe